GRIFFIN v. THE TOWN OF AUBURN.

58　121
68　209
58　121
f74　394

The court at a law term will not revise the discretion of a trial judge in a matter relating to costs, unless such discretion is specially reserved.

On the question whether a tree was situated so near the travelled path of a highway as to make the highway at that point defective and dangerous to people travelling thereon, evidence is admissible to show that at various times teams and carriages ran against the tree.

Whether a traveller upon a highway was in the use of sufficient care, is a

question of fact, in determining which a jury may properly consider evidence of the traveller's knowledge or ignorance of the condition of the road and of his choice of tracks thereon.

To a declaration alleging damage sustained by reason of a tree and rocks described as obstructions in a highway, an amendment alleging the defect to be such a condition of the road as exposed travellers to a danger of going out of the highway and coming in contact with the tree and stones is admissible.

CASE, for damage alleged to have been caused by a defective and insufficient highway. The plaintiff claimed that he was injured by his carriage running against a tree and certain rocks. The highway had been used as such for more than twenty years. The tree and rocks were outside of the highway that had been so used. In the original declaration, they were alleged to be obstructions in the highway. After a trial of five days, and after the evidence on both sides was closed, the plaintiff was allowed, subject to exception, to amend by adding a new count, alleging the defect to be such a condition of the road as exposed travellers to a danger of going out of the highway and coming in contact with the tree and stones.

The court was of opinion, that, so far as the preparation for trial and the introduction of evidence were concerned, the defendants could not be materially damaged or embarrassed by the amendment; and the court saw no reason why costs should be imposed for the amendment. But, the defendants claiming that *Davis* v. *Hill*, 41 N. H. 329, 336, was an authority for allowing such an amendment only upon payment of full costs to the time of its allowance, the court reserved the question of costs.

The road ran north and south, and had a double track. The plaintiff claimed that the west track was too near the tree and rocks. There was conflicting evidence as to the distance between the west track and the tree ; and there was evidence tending to show that the · distance was variable, that the ground was sandy and inclining towards the tree, and that the track was gradually changed and worn down towards the tree. Subject to exception, several of the defendants' witnesses testified that at various times, during a period of many years before the plaintiff's accident, their teams and carriages ran against the tree.

There was evidence tending to show that the plaintiff was familiar with the condition of the road. The evidence was, that the east track was suitable and safe, and free from defect ; and this was not controverted. The plaintiff testified that he reined his horses to the west track, on a dark night ; that his wagon hit the tree, and his horses, becoming frightened, ran away, and dashed the wagon against the rocks. The court instructed the jury that the plaintiff was bound to use reasonable and ordinary care, and that his knowledge or ignorance of the condition of the road, and his choice of the track, were material

facts, to be considered on the question whether he used such care. The defendants excepted to the refusal of the court to instruct the jury that if the plaintiff knew the east track to be perfectly safe, and the west track to be dangerously near the tree and rocks, and voluntarily chose to drive on the west track, he did not use reasonable and ordinary care. The jury having returned a verdict for the plaintiff, the defendants moved for a new trial, and in arrest of judgment.

*A. R. Hatch,* for the defendants.

The amendment substantially introduces a new cause of action, and it ought not to have been allowed on any terms. The original declaration alleged injury from obstructions in a highway ; the amendment alleges dangers outside the highway. Upon this subject we desire a reconsideration of *Davis* v. *Hill,* 41 N. H. 329, which seems to us contrary to law and sound reason. If *Davis* v. *Hill* be authority for the allowance of the amendment, it is also decisive that it ought to be received only upon payment of costs to the time of filing the same. It was impossible for the court to determine what course the defendants would have taken had the original declaration been like the amendment, or how much injury the defendants suffered by the preparation and exhibition of their defence, adapted to the case as it stood. Evidence that other persons had run against the tree at other times was not admissible. The reasoning in *Collins* v. *Dorchester,* 6 Cush. 396, has never been satisfactorily answered.

We think the court ought to have instructed the jury, that, there being a track in the highway which the plaintiff knew to be safe, and a parallel track which he knew to be dangerously near the tree and rocks, he did not use reasonable and ordinary care if he voluntarily chose to drive in a dark night upon the dangerous track. The court substantially left the question to the jury ; but we respectfully submit that no question of fact remained, and that the question is one of law only. No excuse was offered by the plaintiff for his choice of the track known to be dangerous. We submit that it did not admit of excuse, the safe track being open and before him. The voluntary choice of the dangerous way was a positive fault of the plaintiff, which should preclude him from his action. His conduct directly contributed to the accident, as if a man should voluntarily walk on the verge of a precipice. *Farnum* v. *Concord,* 2 N. H. 392 ; *Norris* v. *Litchfield,* 35 N. H. 276, and cases cited.

*Morrison, Hiland & Rowell,* for the plaintiff.

FOSTER, J. The amendment was allowed upon the authority of *Davis* v. *Hill,* 41 N. H. 329, and with the reasoning and conclusion of the court in that case we are entirely agreed.

Questions relating to the allowance of costs are not open to revision at the law terms, unless, as in the present case, the question is specially reserved by the justice presiding at the trial term. *Janvrin* v. *Scammon,* 29 N. H. 280 ; *Messer* v. *Bailey,* 31 N. H. 21 ; *Sanborn*

*v. Sanborn*, 41 N. H. 306, 307. *Davis* v. *Hill* is not an authority for allowing such an amendment only upon payment of costs. It only appears in that case that terms were imposed, for reasons which are not stated in the reported decision. The facts in the present case indicate no reason for revising the discretion of the trial judge in the matter of costs.

As tending to show whether the tree against which the plaintiff's carriage was projected was in dangerous proximity to the travelled path, testimony that other persons at various times, during a period of several years before the plaintiff's accident, had run against it, was admissible. The limitation of such evidence, in respect to distance of time and number of witnesses, is a matter of judicial discretion, to be exercised in view of the circumstances of the case. *Darling* v. *Westmoreland*, 52 N. H. 401, 411.

The question of reasonable and ordinary care, in view of the plaintiff's knowledge or ignorance of the condition of the road, as disclosed by the evidence, and his choice of the track, was properly submitted to the jury, under instructions in which we can discover no error. It was not a question of law. *Stark* v. *Lancaster*, 57 N. H. 88, and cases cited.

*Judgment on the verdict.*

Doe, C. J., did not sit.